UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In Re Bay Point Rentals LLC,                          Case No. 17-cv-1966

    Petitioner

                                       MEMORANDUM OPINION

## I. INTRODUCTION

Before me is Petitioner Bay Point Rentals LLC's motion to strike from Claimant Steven R. Sullivan's counterclaim all reference to "Bay Point Resort" and "Bay Point Resort Operations, LLC." (Doc. No. 22). Claimant opposes the motion. (Doc. No. 27).

## II. BACKGROUND

This litigation is based upon an accident that occurred between two minors while riding jet skis operated by Petitioner. (Doc. No. 5 at 2-3). Mark Galavan was the only employee of Petitioner who was authorized to rent the jet skis. *Id.* Petitioner claims that Galavan did not rent the jet skis to the minors nor did he permit the jet skis to be operated by those individuals. *Id.* Instead, Petitioner states that the individual who allowed use of the jet skis was not authorized by Petitioner to permit their operation or use. *Id.* But Petitioner does not state the identity of this individual.

Claimant's counterclaim reveals "the rest of the story," clarifying how the minors came to use the jet skis.[1] Specifically, Claimant states that Galavan gave the keys to the jet skis to Timothy Connor. (Doc. No. 10 at 4). At the time, Connor was employed by Bay Point Resort Operations, LLC as the Director of Food and Beverage for Bay Point Resort. *Id.* at 3. His employer, Bay Point Resort Operations, LLC, also owns or is an affiliate of Petitioner. *Id.*

---

[1] Because "[a] motion to strike admits the well-pleaded allegations of the pleading asked to be stricken," I will take all facts stated in the counterclaim as true. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 821 (6th Cir. 1953)..

On the day of the accident, Connor invited his son and his friends to the Bay Point Marina to use the jet skis which his employer allowed him to use and share. *Id.* The invitation was made for the commercial purpose of obtaining photographs of them using the jet skis. *Id.* The photographs were to be used by Bay Point Resort for marketing purposes and were taken by a Bay Point Resort employee. *Id.* After photographs were taken of the minors sitting on the jet skis, Connor permitted the minors to use them. *Id.* at 4.

### III.   STANDARD

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking the pleading is a "drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). "The motion to strike should be granted *only when* the pleading to be stricken has no possible relation to the controversy." *Id.* (emphasis added); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1382 (3d ed. April 2018 update) ("[Motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action. Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party.").

### IV.   DISCUSSION

Petitioner moves to strike on grounds that mention of the two entities is immaterial to the counterclaim. Alternatively, Petitioner also argues that mention of the two entities could establish liability and create collateral estoppel or *res judicata* in future litigation. I disagree.

Bay Point Resort and Bay Point Resort Operations, LLC are intricately related to this controversy. First, Petitioner was owned or an affiliate of Bay Point Resort Operations, LLC. Second, Connor was employed by Bay Point Resort Operations, LLC, who permitted him to use

and share the jet skis involved in the accident. Third, the keys were procured and the jet skis used for the purpose of taking photographs to be used in marketing materials for Bay Point Resort, the trade name of Bay Point Resort Operations, LLC. Finally, there seems to be some dispute regarding whether the jet skis were owned solely by Petitioner or by "Bay Point Resort, Bay Point Marina, and/or Petitioner." (Doc. No. 5 at 2-3; Doc. No. 10 at 4).

Because the two entities had significant involvement in the incident, the motion to strike reference is denied. If Petitioner has continuing concern regarding the possibility of preemption, I direct the parties to consider the propriety of joinder. Any motion for joinder under Rule 19 shall be filed within 45 days or this order.

V. CONCLUSION

For the foregoing reasons, Petitioner's motion to strike is denied. (Doc. No. 22). The parties are directed to file any motion for joinder within 45 days of this order. A telephone status conference is scheduled for June 6, 2018 at 10:30 a.m. My chambers will initiate the call.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge